Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT
### for the
### District of

### Division

Case: 2:25–cv–00161
Assigned To : Bennett, Jared C.
Assign. Date : 3/5/2025
Description: Cox v. Faust et al

Itzel Cox

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

**-v-**

Judge Faust et. al.
John Does 1-10

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial:  *(check one)*   ☒ Yes   ☐ No

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non–Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

**COMPLAINT FOR FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, RICO, LEGAL MALPRACTICE, AND PAIN AND SUFFERING**

Plaintiff
Itzel Cox, 1026 W Euclid Ave. Salt Lake City, UT 84104
Itzelcox@gmail.com | 3852279186


Defendants Official Utah State Bar Address:

- Robert Faust, Matheson Courthouse, 450 South State St, Salt Lake City, UT 84114
- Paul Jones, HALE & WOOD, PLLC, 4766 S. Holladay Blvd, Holladay UT, Utah 84117
  Telephone: 801-930-5101 | Email: pwjones@halewoodlaw.com
- Danny Quintana, PLLC, 4198 West 3860 South, West Valley, Utah 84120
  Telephone: 801-209-5850 | Email: danny_quintana@yahoo.com, dannyquintanawriter@gmail.com
- James Thompson, 9350 South 150 East, Ste 500, Sandy, UT 84070
  Email: jthompson@strongandhanni.com | P: 801-532-7080
- Adam Wahlquist, 50 E South Temple Ste 400, Salt Lake City, UT 84111
  Email: awahlquist@kmclaw.com
- Benjamin D. Johnson, 3165 Millrock Drive, Suite 500, Salt Lake City, Utah 84121
  Email: ben.johnson@btjd.com | Telephone: 801-438-2000 801-824-6807
- Gary R. Guelker (8474), RESNICK & LOUIS, PC, 222 South Main Street, 5th Flr, Salt Lake City, Utah 84101
  Telephone: 801-960-3655 | Email: gguelker@rlattorneys.com
- Douglas Shumway, 5292 S. College Drive #304, Murray, UT 84123
  Telephone: 801 6920793 | doug@millerharrisonlaw.com

**COMPLAINT FOR FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, RICO, AND LEGAL MALPRACTICE**

## I. INTRODUCTION

Plaintiff brings this action against Defendants for fraud upon the court, civil rights violations, RICO violations, legal malpractice, and pain and suffering, demonstrating how Defendants used fraudulent legal proceedings to extract financial harm and obstruct Plaintiff's rights. Defendants' scheme included fraudulent financial filings, manipulated court rulings, and procedural misconduct—all designed to deprive Plaintiff of property and due process protections.

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under the following federal statutes:

a. **28 U.S.C. § 1331** (Federal Question Jurisdiction) – This Court has subject matter jurisdiction because Plaintiff's claims arise under U.S. Constitution, federal statutes, and federal common law, including:

- **42 U.S.C. § 1983** (Civil Rights Violations) – Deprivation of due process and property rights under the Fifth and Fourteenth Amendments.
- **42 U.S.C. § 1985(3)** (Conspiracy to Interfere with Civil Rights) – Defendants conspired to obstruct Plaintiff's rights through fraudulent legal proceedings.
- **18 U.S.C. § 1962, 18 U.S.C. § 1962(d)** (RICO Violations) – Defendants engaged in a coordinated pattern of fraud, obstruction of justice, conspiracy and bad-faith litigation.

2

b. **28 U.S.C. § 1343**(a)(3) and (a)(4) (Civil Rights Jurisdiction) – This Court has jurisdiction over this action as it seeks redress for the deprivation of constitutional rights under color of law.

c. **18 U.S.C. § 1964**(c) (RICO Civil Remedies) – This Court has jurisdiction over Plaintiff's RICO claims, as Defendants' conduct involved a pattern of racketeering activity, including obstruction of justice, fraud, and extortion.

d. **28 U.S.C. § 1367** (Supplemental Jurisdiction) – This Court has supplemental jurisdiction over Utah state law claims, including:

- Fraud upon the court (**Utah R. Civ. P. 60(d)(3)**)

- Bad-faith litigation (**Utah Code § 78B-5-825**)

- Attorney misconduct & official misconduct (**Utah Code § 76-8-201**)

2. Venue is proper in this District under **28 U.S.C. § 1391**(b) because:

a. A substantial part of the events giving rise to Plaintiff's claims occurred in Utah, including fraudulent court proceedings, deprivation of property rights, and judicial misconduct.

b. All Defendants reside, operate, or conduct business in Utah, including judicial officers, attorneys, and business entities involved in the fraudulent litigation.

c. All legal actions challenged in this complaint—including fraudulent rulings, backdated court orders, and obstruction of justice—occurred within this District.

## III. PARTIES

- **Plaintiff: Itzel Cox, 375 W 400 S, Salt Lake City, UT 84104.**

**Defendants:** JOHN DOES DEFENDANTS 1-10,

3

## IV STATEMENT OF CLAIM

## FACTUAL BACKGROUND

### A. Denial of Plaintiff's Certificate of Compliance

1. Defendant Paul Jones and other actors knowingly provided false and misleading information to the Utah Division of Occupational and Professional Licensing (DOPL), resulting in an unwarranted hold on Plaintiff's Certificate of Compliance.

2. DOPL recommended litigation to resolve the matter, setting off a chain of fraudulent and abusive legal actions. **(Exhibit A)**

### B. Fraudulent Court Proceedings

3. As part of fraudulent legal tactics used to obstruct Plaintiff's property rights, Defendants filed a fraudulent Lis Pendens against Plaintiff's property despite lacking legitimate grounds. This fraudulent **Lis Pendens violated Utah Code § 78B-6-1303 (Lis Pendens Abuse)** by being filed in bad faith to interfere with Plaintiff's financial and property interests. The improper Lis Pendens prevented Plaintiff from accessing further funding, completing the construction project, and maintaining financial stability. The filing stalled progress on the property, forcing Plaintiff to exhaust personal funds to remediate issues while being unable to fully develop or utilize the property as intended. (Exhibit B)

4. Defendants and other actors submitted a fraudulent invoice to obtain summary judgement containing false claims of completed work and financial discrepancies, constituting fraud upon the court under Utah R. Civ. P. 60(d)(3) and bad-faith litigation under **Utah Code § 78B-5-825**

4

**(Treble Damages for Fraudulent Litigation)**. Despite invoice's falsity and inadmissibility, Defendants Kirton McConkie (Adam Walquist) and Danny Quintana, among others, failed to challenge it, enabling its enforcement, in violation of Utah Rule of Professional **Conduct 3.3 (Candor Toward the 4 Tribunal)** and Rule **8.4 (Misconduct, including fraud, deceit, and misrepresentation)**. (Exhibit C)

5. Robert Faust, a judge, and other judicial actors knowingly enforced a fraudulent invoice that lacked the required signatures and was proven, through metadata analysis, to have been created after litigation began—violating **Utah Code § 25-5-1 (Statute of Frauds)**. This fraudulent invoice was used as the basis for an improper Summary Judgment against Plaintiff, despite its **inadmissibility under Utah law,** depriving her of a fair trial in violation of the **Sixth Amendment and Fourteenth Amendment's Due Process Clause.**

6. Faust denied Plaintiff's Motion to Set Aside Judgment despite clear evidence of fraud upon the court and issued contradictory rulings to obstruct Plaintiff's rights. His actions constitute Official Misconduct under **Utah Code § 76-8-201**, which prohibits fraudulent, deceptive, or corrupt practices by public officials. His judicial bias, procedural manipulation, and suppression of exculpatory evidence violated due process under the Fourteenth Amendment. Since fraud upon the court nullifies legal rulings under **Utah R. Civ. P. 60(d)(3)** and is an exception to judicial immunity, Faust's actions fall outside legitimate judicial conduct and are actionable under **42 U.S.C. § 1983 (Deprivation of Rights Under Color of Law)**. (Exhibit C and D)

7. Robert Faust, in violation of the **separation of powers doctrine under Article V, § 1 of the Utah Constitution**, improperly delegated judicial authority to an attorney by allowing the attorney to control the standing and enforcement of a bench warrant. This unauthorized

5

delegation deprived Plaintiff of her due process rights under the Fourteenth Amendment and violated Utah Code § 78A-2-301 (Judicial Duties & Disqualification), which requires a judge to avoid conflicts of interest and improper influence. These actions constitute judicial misconduct 5 under Utah Code of Judicial Conduct Canon 1 (Integrity of the Judiciary), Canon 2 (Impartiality), and Canon 3(E)(1) (Judicial Disqualification for Bias). (Exhibit D)

8. Robert Faust further engaged in judicial misconduct by backdating a ruling to create the false appearance that it was issued on an earlier date. This fraudulent backdating was intended to conceal procedural irregularities and obstruct Plaintiff's ability to challenge the ruling, violating **Utah R. Civ. P. 60(d)(3) (Fraud Upon the Court) and 18 U.S.C. § 1962(d)** His repeated rulings, despite evidence of fraud, furthered the financial objectives of the enterprise. Judge Faust's actions further demonstrate a clear pattern of fraud and bias, warranting judicial sanctions and removal under **Utah Code § 78A-2-301**. These actions have further eroded public confidence in the judiciary, violating Canon 1 (Judicial Integrity) and Canon 2 (Impartiality of the Judiciary) of the Utah Code of Judicial Conduct (Exhibit D)

## C. Obstruction of Justice and Institutional Failures

9. Plaintiff appealed the judgment, presenting substantial and irrefutable evidence of fraud and financial discrepancies that directly undermined the legitimacy of Armstrong's claims and the trial court's ruling. Despite this, the Utah Court of Appeals summarily affirmed the judgment without conducting a meaningful review, adopting Armstrong's legal arguments nearly verbatim and failing to exercise independent judicial analysis. The appellate court's ruling ignored key procedural violations, failed to consider the fraudulent nature of the invoice used to secure judgment, and disregarded legal precedent that mandates courts correct fraud upon the court. By

6

refusing to engage with the substantive fraud allegations, the appellate court's decision deprived Plaintiff of a fair appellate review and violated due process under the **Fourteenth Amendment.** The appellate court's rubber-stamping of Armstrong's fraudulent claims, despite clear evidence of judicial misconduct in the lower court, constitutes a willful obstruction of justice **(18 U.S.C. § 1503).** The court's actions reflect a deliberate suppression of exculpatory evidence and a failure to enforce **Utah Code § 78A-2-301**, which mandates judicial impartiality and accountability. This pattern of misconduct further justifies federal intervention to correct the deprivation of Plaintiff's constitutional rights and prevent the continued use of fraudulent judicial proceedings to inflict harm.

10. Armstrong was granted summary judgment based on a fraudulent invoice, despite the lack of legitimate documentation. Subsequently, during the trial of cross-claims, DOC Concrete prevailed against Armstrong on an unjust enrichment claim, proving that Armstrong had wrongfully obtained funds. However, Armstrong continued its fraudulent conduct in the appellate process by requesting an additional $50,000 in mobilization payments in its opposition brief. Despite this ongoing pattern of fraud, the appellate court denied the appeal's claim disputing Armstrong's fraudulent invoice and failed to address the issue entirely. (See Exhibit E.)

11. The appellate court's failure to address Armstrong's fraudulent financial claims, despite clear contradictions exposed during litigation, constitutes a violation of due process and fraud upon the court. By affirming summary judgment without considering the unjust enrichment ruling against Armstrong, the appellate court allowed an illegitimate financial claim to stand, further depriving Plaintiff of a fair trial. Moreover, Armstrong's continued demand for an additional $50,000 in its

7

opposition brief—after already being found liable for unjust enrichment—demonstrates bad-faith litigation and a pattern of fraudulent conduct designed to manipulate judicial proceedings. This omission by the appellate court highlights systemic judicial failures that warrant immediate federal review under **42 U.S.C. § 1983 (civil rights violations), Utah R. Civ. P. 60(d)(3) (fraud upon the court), and Utah Code § 78B-5-825 (bad-faith litigation and treble damages)**.

12. Plaintiff sought relief through formal complaints with the Utah State Bar, the Utah Department of Commerce, and Division of Consumer Protection. However, all agencies, influenced by Defendants and other actors, dismissed Plaintiff's complaints without conducting a thorough investigation into Defendants' professional misconduct, deceptive trade practices, and legal malpractice, in violation of **Utah Code § 76-8-201** (Official Misconduct). (See Exhibit F.)

13. Defendants and other actors coordinated effort to weaponize regulatory and judicial processes against Plaintiff, demonstrating a clear pattern of racketeering activity under **18 U.S.C. § 1962 (RICO).** Their misuse of judicial authority, regulatory collusion, and suppression of fraud complaints constitutes obstruction of justice under **18 U.S.C. § 1503 and extortion under 18 U.S.C. § 1951 (Hobbs Act)**, as these actions were intended to deprive Plaintiff of legal, constitutional, property, and financial rights. Armstrong's attorneys and Judge Faust knowingly facilitated fraudulent invoices, court rulings, and judicial obstruction, forming a coordinated criminal enterprise.

14. Under Utah Rule of Professional Conduct 3.3 and 8.4, attorneys cannot passively permit fraud; their failure to act was an intentional choice that enabled the fraudulent rulings to stand.

15. Plaintiff was required to submit an ADA request for disability accommodations, yet the court clerk wrongfully gave opposing counsel 14 days to object, delaying Plaintiff's access to accommodations and violating 28 C.F.R. § 35.130(f) (which prohibits placing unnecessary burdens on disabled litigants). The court's failure to provide accommodations immediately and allowing an adversarial party to interfere is an unconstitutional barrier to court access, violating Plaintiff's Fourteenth Amendment Due Process rights (Tennessee v. Lane, 541 U.S. 509 (2004)). This action further illustrates the systemic corruption within Utah's courts, which continue to violate both constitutional and federal disability protections without accountability.

16. Plaintiff's forensic analysis of metadata from legal filings and invoices demonstrates that fraudulent documents were generated post-litigation to facilitate financial fraud. These digital records provide objective evidence of intentional fraud upon the court, further establishing the Defendants' role in a coordinated racketeering enterprise. (Exhibit G)

## V. CLAIMS FOR RELIEF

## COUNT ONE: FRAUD UPON THE COURT

**Violation of Utah Code § 78B-6-1303 (Fraudulent Lis Pendens, Fabricated Invoices, and Misleading Court Filings)**

- Defendants filed a fraudulent Lis pendens in bad faith and without valid legal grounds, in violation of **Utah Code § 78B-6-1303**. This improper filing restricted Plaintiff's ability to refinance, sell, or resolve property disputes, constituting an abuse of process and fraudulent legal interference. (Exhibit B)

**Fraudulent Invoice & Statute of Frauds (Utah Code § 25-5-1)**

9

- Defendants fabricated a fraudulent invoice during litigation, as confirmed by metadata analysis, which establishes that the invoice was created after the lawsuit began and never presented during the original transaction. Despite its inadmissibility under Utah law, Defendants submitted this fraudulent invoice to secure a judgment and deprive Plaintiff of property.

- The fraudulent invoice lacked a signature, was materially false, and directly violated **Utah Code § 25-5-1 (Statute of Frauds)**, rendering it legally unenforceable and inadmissible. Despite this, Defendants knowingly used it to obtain an improper financial judgment.

**Fraud Upon the Court (Utah R. Civ. P. 60(d)(3))**

- Defendants engaged in a coordinated scheme of legal and financial fraud under **18 U.S.C. § 1962(c)**, using fraudulent invoices, enforcement of an unlawful judgment, issuance of a fraudulent writ, issuance of an improper bench warrant, and procedural misconduct to deprive Plaintiff of her constitutional rights and property. This pattern of fraud upon the court includes:

  - Fraud **(18 U.S.C. § 1341)** – Use of fraudulent invoices in court filings.

  - Obstruction of Justice **(18 U.S.C. § 1503)** – Judicial Manipulation, Evidentiary Suppression, and Frivolous Opposition to Appeal

  - Extortion **(18 U.S.C. § 1951 - Hobbs Act)** – Coercive enforcement of fraudulent financial claims.

- The Utah Court of Appeals upheld a judgment based on fraudulent invoices, despite clear evidence presented on appeal showing metadata discrepancies and overpayment records that directly undermined the legitimacy of the financial claims. This constitutes fraud

10

upon the court under Utah R. Civ. P. 60(d)(3). The appellate court failed to consider or address the metadata evidence proving the invoice was fabricated post-litigation and disregarded financial records showing overpayment, violating Plaintiff's due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983.

- By upholding a judgment based on fraudulent evidence, the appellate court engaged in official misconduct under **Utah Code § 76-8-201** and facilitated bad-faith litigation under **Utah Code § 78B-5-825**, warranting federal intervention under 2**8 U.S.C. § 1651 (All Writs Act).**

- Defendants' violations of Candor toward the tribunal constitute an independent form of fraud upon the court under URCP 60(d)(3). By knowingly failing to disclose the falsity of the financial claims they presented in court, defendants engaged in active concealment, rendering the rulings based on this claims void as a matter of law.

**Fraud & Misconduct by Judge Robert Faust**

- Judge Robert Faust committed fraud upon the court under Utah R. Civ. P. 60(d)(3) by:

- Backdating a ruling to conceal procedural irregularities, violating **Utah Code § 76-8-201** (Official Misconduct).

- Refusing to set aside a fraudulent judgment despite clear evidence that the invoice was fabricated.

- Denying Plaintiff's motions to correct clerical errors, thereby blocking her right to an interlocutory appeal.

- Improperly delegating judicial authority to an attorney, allowing an attorney to issue and enforce a fraudulent bench warrant in violation of **Utah Code § 78A-2-301.**

11

- Faust's actions obstructed justice and deprived Plaintiff of due process under the **Fourteenth Amendment and 42 U.S.C. § 1983**. His judicial bias and refusal to rule on motions favorable to Plaintiff violate **Utah Code § 78A-2-301 and Canon 2 of the Utah Code of Judicial Conduct.**

**COUNT TWO: DUE PROCESS VIOLATIONS (42 U.S.C. § 1983)**

Defendants, aware of Plaintiff's Stage 4 cancer and ongoing chemotherapy, engaged in coercive and extortionate collection efforts, causing unnecessary suffering and physical distress. Plaintiff was willing to walk away to avoid further hardship, yet Defendants weaponized fraudulent judgments and court orders to inflict undue financial and emotional harm.

These actions constitute:

- Cruel and Unusual Punishment under the **Eighth Amendment**, as Defendants knowingly subjected Plaintiff to unnecessary suffering.
- Deprivation of Due Process under the **Fourteenth Amendment**, as fraudulent legal proceedings were used to deprive Plaintiff of property and financial rights.
- Violation of the **Americans with Disabilities Act (ADA)**, as Defendants knowingly exploited Plaintiff's medical condition to coerce compliance with fraudulent rulings.

Defendants' enforcement of fraudulent legal rulings disregarded Plaintiff's severe medical condition and created undue hardship, violating federal protections ensuring fair access to justice. The deliberate exploitation of Plaintiff's medical vulnerability through fraudulent legal actions is a clear violation of constitutional protections against state-inflicted harm. Federal court intervention is required to prevent further abuse and uphold Plaintiff's fundamental rights under **42 U.S.C. § 1983 and the Fourteenth Amendment.**

12

**Fraud, Procedural Manipulation & Suppression of Due Process Rights**

Defendants, including judicial and legal actors, deprived Plaintiff of a fair trial and due process through fraud, misrepresentation, and procedural manipulation. These actions included:

- Fraudulent financial claims and fabricated invoices, which were improperly admitted as evidence despite violating the **Statute of Frauds (Utah Code § 25-5-1)**.

- Suppression of key legal filings and evidence, preventing Plaintiff from effectively challenging fraudulent court rulings.

- Judicial bias and procedural irregularities, ensuring Plaintiff could not receive a fair and impartial hearing.

These systemic due process violations contravened:

- The Fifth and Fourteenth Amendments, which protect against the deprivation of property without due process.

- Article I, § 7 of the Utah Constitution, which guarantees due process protections.

- Article I, § 11 of the Utah Constitution, which mandates that courts remain open to all individuals seeking redress for legal injuries.

Given the state court's refusal to act on fraud upon the court and its ongoing violations of due process, Plaintiff requests this Court issue a Writ of Mandamus under 28 U.S.C. § 1651 compelling the Utah judiciary to vacate the fraudulent rulings entered under Judge Faust and to properly address procedural fraud. The appellate court's refusal to consider substantive legal arguments or apply due process protections has left Plaintiff with no other recourse but to seek federal intervention to correct these abuses of judicial power.

13

By enabling and perpetuating a fundamentally unfair legal process, Defendants engaged in conduct that directly undermined constitutional protections and the integrity of the judiciary, necessitating federal intervention.

**Judicial Misconduct & Unconstitutional Delegation of Power**

Judge Robert Faust, acting outside the scope of his judicial authority, improperly delegated judicial power to an attorney, allowing the attorney to control the standing and enforcement of a bench warrant.

This unauthorized delegation violated the separation of powers doctrine established in **Article V, § 1 of the Utah Constitution**, which prohibits one branch of government from delegating its core function to another entity. This also violated:

- **Canon 1 & Canon 2** of the Utah Code of Judicial Conduct, which require judicial integrity and impartiality.

- **Utah Code § 78A-2-301** (Judicial Duties & Disqualification), which mandates that judges must avoid conflicts of interest and improper influence over legal proceedings.

**Pattern of Judicial Bias & Due Process Violations**

Judge Faust engaged in a pattern of judicial misconduct, including:

- Issuing contradictory rulings to suppress Plaintiff's legal challenges.

- Granting summary judgment based on fraudulent evidence, despite its inadmissibility under Utah law.

- Obstructing Plaintiff's ability to present legal challenges, violating **Utah Code § 76-8-201** (Official Misconduct), which prohibits fraudulent or deceptive acts by public officials.

14

By refusing to rule on motions favorable to Plaintiff while fast-tracking rulings that benefited Defendants, Faust demonstrated clear judicial bias. This pattern of misconduct directly violated due process under the Fourteenth Amendment and the Utah Code of Judicial Conduct Canon 3 (Requiring judicial fairness and impartiality).

**Legal Harassment, Fraudulent Filings, & Financial Coercion**

Defendants obstructed Plaintiff's regulatory compliance, falsified financial records, and used legal harassment to coerce fraudulent payments. These actions constituted:

- Bad-faith litigation under **Utah Code § 78B-5-825**, which allows treble damages for fraudulent legal actions.

- A direct violation of **42 U.S.C. § 1983**, as Defendants acted under color of law to deprive Plaintiff of constitutional rights.

Fraudulent rulings, misrepresentations, and backdated orders were used to enforce a fraudulent judgment, violating judicial ethics and constitutional protections. Given these egregious violations, federal intervention is warranted to protect Plaintiff's fundamental rights and ensure judicial accountability.

## COUNT THREE: RICO VIOLATIONS (18 U.S.C. § 1962)

**Enterprise & Pattern of Racketeering Activity**

- Defendants engaged in a coordinated scheme of fraud, obstruction of justice, and extortion designed to deprive Plaintiff of property, financial stability, and legal rights through fraudulent legal proceedings and coercive tactics. This scheme constitutes a pattern of racketeering activity under **18 U.S.C. § 1962(c)**, involving multiple predicate

acts of Mail Fraud **(18 U.S.C. § 1341)**, Wire Fraud **(18 U.S.C. § 1343)**, Obstruction of Justice **(18 U.S.C. § 1503)**, and Extortion **(18 U.S.C. § 1951 - Hobbs Act)**.

- The racketeering enterprise consists of attorneys, judges, and legal actors who acted in concert to manipulate judicial outcomes, enforce fraudulent financial claims, suppress critical evidence, and obstruct Plaintiff's ability to seek legal redress. These actions were not isolated incidents but part of a systematic, multi-year effort to exploit Plaintiff's legal vulnerabilities and financial distress.

**Predicate Acts Under RICO (18 U.S.C. § 1961(1))**

**Mail & Wire Fraud (18 U.S.C. §§ 1341, 1343)**

- Defendants transmitted fraudulent invoices and legal documents via email and court filings to misrepresent financial claims and unlawfully obtain a judgment.
- Metadata analysis confirms that the fraudulent invoice relied upon in litigation was created after the lawsuit began, was unsigned, and materially misrepresented work performed. Despite these glaring irregularities, Defendants knowingly submitted and defended this invoice as authentic.
- Fraudulent email communications between Defendants—including Armstrong's counsel, Paul Jones, and others—demonstrate a deliberate effort to fabricate financial claims, conceal discrepancies, and mislead the court into enforcing an illegitimate judgment.
- The fraudulent invoice was used in court filings and sent via email to Plaintiff and judicial officers in furtherance of Defendants' scheme to secure an unlawful financial advantage. These communications constitute wire fraud, as they involved the interstate transmission of fraudulent claims to facilitate racketeering activity.

16

- Defendants also submitted misleading and fraudulent documents to the Utah Court of Appeals, falsely asserting valid financial claims, despite the lower court's judgment being based on fabricated evidence. This constitutes mail fraud, as they used the court's filing system and official legal correspondence to perpetuate their fraudulent scheme.

- The fraudulent invoice relied upon by Defendants was unenforceable under the **Utah Statute of Frauds (Utah Code § 25-5-1)**, as it lacked the required signature and materially misrepresented work performed. Despite this legal deficiency, Defendants submitted and enforced the fraudulent invoice to obtain a judgment and facilitate extortion.

## Obstruction of Justice (18 U.S.C. § 1503)

- Defendants engaged in obstruction of justice by manipulating court rulings, suppressing legal filings, and interfering with Plaintiff's ability to challenge fraudulent legal proceedings. Through a coordinated scheme, Defendants weaponized judicial authority, fabricated financial claims, and obstructed procedural rights to prevent Plaintiff from obtaining a fair hearing. 18 U.S.C. § 1962(d) (RICO Conspiracy), attorneys and judges acted together to defraud Cox through legal manipulation.

- Judge Robert Faust knowingly backdated a ruling to prevent Plaintiff from appealing a fraudulent judgment. By altering judicial records to obstruct the appellate process, Faust engaged in judicial fraud and obstruction, depriving Plaintiff of procedural due process.

- Judge Faust further obstructed justice by delegating judicial power to an attorney, allowing the attorney to issue and enforce a fraudulent bench warrant. This unauthorized

delegation of judicial power violated **Utah Code § 78A-2-301** (Judicial Duties & Disqualification) and directly interfered with Plaintiff's constitutional rights.

- Defendants recorded a fraudulent lis pendens against Plaintiff's property, despite lacking any legitimate legal claim. This was done in bad faith, in violation of **Utah Code § 78B-6-1303 (Lis Pendens Abuse)**, and served as a litigation weapon rather than a legitimate legal notice.

- Despite the fraudulent nature of the lis pendens, Defendants knowingly kept it recorded for years, obstructing Plaintiff's ability to sell, refinance, or develop the property. This filing, which lacked any legal or financial justification, constituted an abuse of process and a direct act of judicial obstruction.

- Court clerks, acting under Faust's direction, refused to file Plaintiff's opposition to the fraudulent proceedings, forcing Plaintiff to submit documents directly to the court's head clerk. This systematic suppression of filings constitutes an intentional obstruction of Plaintiff's legal rights.

- Defendants knowingly submitted fraudulent financial documents, including invoices proven by metadata analysis to have been created after litigation began. Despite the obvious fabrication, Defendants continued to present these documents as valid, misrepresenting financial claims to judicial officers and appellate courts. This constitutes a deliberate attempt to mislead the court and obstruct the fair administration of justice.

- Defendants collectively ensured that fraudulent financial claims were upheld in court despite evidence proving they were invalid. This obstruction was achieved through suppression of critical evidence, procedural delays, and misrepresentation of material facts.

18

- Judge Faust refused to rule on motions favorable to Plaintiff while granting expedited rulings to Defendants, ensuring that fraudulent claims remained unchallenged. His judicial bias, procedural manipulation, and suppression of exculpatory evidence directly violated due process under the Fourteenth Amendment and constituted a clear act of obstruction of justice.

**Extortion (18 U.S.C. § 1951 - Hobbs Act)**

- Defendants engaged in extortion by using fraudulent legal rulings, improper judicial orders, and coercive collection efforts to unlawfully extract money and property from Plaintiff. Through a pattern of bad-faith litigation, financial deception, and abuse of judicial power, Defendants sought to financially cripple Plaintiff and force compliance with fraudulent court rulings.

- Defendants weaponized the fraudulent lis pendens to block Plaintiff from accessing financial resources, making it impossible for her to resolve the legal disputes on fair terms. This fraudulent filing deprived Plaintiff of the ability to sell, refinance, or develop the property, ensuring that Defendants maintained economic leverage over her.

- Despite the fraudulent nature of the lis pendens, Defendants knowingly left it recorded for years, preventing Plaintiff from securing necessary funding, obtaining legal counsel, or exercising her property rights. The improper lis pendens was used as a coercive tool to force Plaintiff into economic hardship and compliance with fraudulent legal proceedings. The Lis pendens had no valid legal basis but was maintained solely to financially extort Plaintiff and obstruct her access to legal and economic resources.

- Defendants pursued collection efforts on a fraudulent judgment, issuing a bench warrant and threatening Plaintiff with financial and legal penalties unless compliance was met.

19

These actions were designed to force Plaintiff into an unlawful financial settlement by leveraging fraudulent court rulings to extract money under threat of arrest and seizure of assets.

- Defendants intentionally denied Plaintiff's statutory right to redeem the property while simultaneously enforcing fraudulent financial claims against her. This was done in bad faith and in violation of Utah property law, as Defendants leveraged fraudulent invoices and backdated rulings to maintain financial control over Plaintiff's assets.

- Judge Faust's judicial bias and procedural manipulation played a critical role in the extortion scheme, as he refused to rule on motions that would expose the fraud while fast-tracking rulings favorable to Defendants. This judicial misconduct directly enabled Defendants' extortionate scheme to continue unchecked.

- Despite evidence of financial fraud, Defendants continued to demand money from Plaintiff through ongoing collection efforts, fraudulent appeals, and additional lawsuits. These coercive tactics ensured that Plaintiff remained trapped in continuous legal battles, forced to deplete resources, and unable to defend against ongoing financial exploitation.

- Defendants' extortionate conduct was further demonstrated through their coordinated use of fraudulent invoices, deceptive court filings, and judicial collusion to maintain economic leverage over Plaintiff. By obstructing Plaintiff's ability to challenge their fraudulent claims, Defendants ensured that Plaintiff remained in a position of financial vulnerability.

- Defendants' extortionate scheme continued through improper appeals, additional lawsuits, and ongoing collection efforts, despite evidence that the initial judgment was

20

fraudulently obtained. These coordinated actions represent a pattern of extortion designed to extract financial gain through legal manipulation.

- Plaintiff seeks treble damages pursuant to **18 U.S.C. § 1964(c)** for the financial losses suffered as a direct result of Defendants' extortionate conduct.

**Pattern of Racketeering & Civil RICO Liability (18 U.S.C. § 1962(c))**

- The pattern of racketeering activity extends across multiple years, involving a structured enterprise of attorneys, judges, and legal actors working together to commit repeated acts of fraud, obstruction, and extortion. These acts were not isolated but part of a coordinated scheme aimed at financially exploiting Plaintiff through a corrupt legal process.

- Under **18 U.S.C. § 1962(c)**, Defendants are liable for conducting or participating in the enterprise through a pattern of racketeering activity.

- Plaintiff has suffered substantial financial harm, emotional distress, and reputational damage as a direct result of Defendants' racketeering activity.

- Pursuant to **18 U.S.C. § 1964(c)**, Plaintiff seeks treble damages for the harm suffered due to Defendants' unlawful RICO violations.

The pattern of racketeering activity includes, but is not limited to, the following events from year 2020 to present 2025:

- o  Failure to remediate OSHA violations, creating safety hazards and financial harm.
- o  Filing an illegal mechanic's lien on Plaintiff's property without legal grounds.
- o  Obstructing Plaintiff's efforts to obtain a Certificate of Compliance with the Utah Division of Occupational and Professional Licensing (DOPL) to interfere with her rights.

21

- o Filing a fraudulent Lis Pendens in August 2020, restricting Plaintiff's ability to resolve property disputes.
- o Emailing fraudulent invoices created during litigation, as confirmed by metadata analysis.
- o Granting summary judgment based on a fraudulent invoice, allowing unjust financial claims.
- o Judge's refusal set aside judgment based on fraud and to correct clerical errors, preventing Plaintiff from pursuing an interlocutory appeal.
- o Enforcing a fraudulent judgment, despite clear evidence of falsified financial claims.
- o Issuing and enforcing a fraudulent bench warrant, unlawfully targeting Plaintiff, and delegating power to attorneys.
- o Fraudulent collection efforts, including the auction of Plaintiff's property, in furtherance of an invalid judgment.
- o Denial of Plaintiff's redemption rights, obstructing her ability to reclaim her property.
- o Denial of Plaintiff's appeal without addressing the fraudulent invoice, furthering judicial obstruction.
- o Backdating court orders, misrepresenting judicial actions to Plaintiff's detriment.
- o Initiating an additional **ongoing lawsuit** to pursue fraudulent collection efforts, extending the scheme to extract financial gain from Plaintiff through continued legal harassment.

22

The facts in this case establish a coordinated scheme of fraud, obstruction, and extortion—demonstrating the continuity and structure of a racketeering enterprise under 18 U.S.C. § 1962(c). The fraudulent legal proceedings at issue form a continuous pattern of racketeering activity, in which Defendants have engaged in fraudulent litigation tactics over multiple years to manipulate judicial outcomes and deprive Plaintiff of property. Defendants have leveraged fabricated financial claims, suppressed evidence, and engaged in judicial manipulation to obstruct Plaintiff's property rights, inflict financial harm, and interfere with due process. The ongoing legal actions, including the filing of additional lawsuits based on fraudulent claims, demonstrate the open-ended nature of this scheme, confirming a RICO violation under 18 U.S.C. § 1962(c).

| Date | Event | Violation |
| --- | --- | --- |
| 2021-2023 | Fraudulent invoice submitted, Fraudulent Lis Pendens | 18 U.S.C. § 1341 (Mail Fraud) |
| 2020-2025 | Fraudulent Lis Pendens recorded, Paul Jones uses coercion to obstruct appeal and collection efforts on Fraudulent Judgment | 18 U.S.C. § 1951 (Extortion - Hobbs Act) |
| 2025 | Judge Faust backdates ruling, Court of Appeals' ruling mirrors Armstrong's brief, where it suppressed evidence of fraud. Faust Delegated authority to an Attorney on fraudulent Bench Warrant. | 18 U.S.C. § 1503 (Obstruction of Justice) |
| 2024 | State Bar refuses to investigate fraud | 18 U.S.C. § 1512 (Witness Tampering) |

**COUNT FOUR: LEGAL MALPRACTICE, AIDING AND ABETTING FRAUD, AND BREACH OF FIDUCIARY DUTY**

Defendants, including all attorneys named in this action, had a professional duty to uphold the integrity of the legal process but instead facilitated and enabled fraud upon the court. Their inaction and active participation violated the Utah Rules of Professional Conduct:

- Rule 1.1 (Competence): Defendants failed to competently investigate fraudulent financial claims, improperly allowing false invoices and misrepresented financial records to be introduced in court.

- Rule 1.3 (Diligence): Defendants neglected their duty to protect Plaintiff's rights and property by failing to challenge fraudulent legal proceedings.

- Rule 3.3 (Candor Toward the Tribunal): Defendants knowingly failed to correct or disclose fraudulent evidence, directly violating their duty of candor to the court.

- Rule 8.4 (Misconduct): Defendants engaged in dishonesty, deceit, and misrepresentation by advancing false claims and suppressing material facts.

Aiding and Abetting Fraud Upon the Court

- Defendants' refusal to challenge fraudulent court filings constitutes more than mere negligence—it is active facilitation of fraud.

- By defending a fraudulent judgment, concealing false financial claims, and allowing fabricated invoices to stand, Defendants became complicit in fraud upon the court.

- Attorneys cannot passively allow fraud; their failure to act makes them equally liable under Utah R. Civ. P. 60(d)(3).

Legal Malpractice & Procedural Misconduct

24

Defendants failed to prevent:

- The enforcement of fraudulent judgments and rulings.

- The continued suppression of exculpatory evidence.

- The use of judicial authority to further an ongoing fraud scheme.

As a result, Defendants are jointly and severally liable for Compensatory damages for financial harm resulting from fraudulent legal actions, Treble damages under Utah Code § 78B-5-825 (Bad-Faith Litigation) due to their role in perpetuating fraudulent claims, and Sanctions under Utah Rule of Civil Procedure 60(d)(3) (Fraud Upon the Court) for failing to prevent or correct fraudulent judicial actions.

## COUNT FIVE: PAIN AND SUFFERING

### Physical and Emotional Harm Due to Defendants' Actions

- Plaintiff endured severe emotional distress, anxiety, and mental suffering due to Defendants' intentional, fraudulent legal actions, obstruction of justice, and deprivation of property rights.

- Defendants' actions disregarded Plaintiff's medical condition, causing undue hardship during chemotherapy, exacerbating emotional distress and causing physical deterioration due to extreme stress and financial coercion.

- The enforcement of fraudulent legal rulings caused mental and physical harm, leading to a worsening of Plaintiff's medical condition and undue suffering in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

**Violation of Constitutional and Legal Protections**

- Defendants' coercion, bad-faith litigation, and extortionate conduct constitute cruel and unusual punishment under the Eighth Amendment, as Plaintiff was subjected to extreme financial and emotional hardship while in a medically vulnerable state.

- The failure of judicial officers and attorneys to correct fraudulent rulings, suppress fraudulent filings, and obstruct Plaintiff's access to justice violated due process protections under the Fourteenth Amendment to the U.S. Constitution and Article I, § 7 of the Utah Constitution.

- The targeted harassment and financial manipulation created a pattern of legal abuse, depriving Plaintiff of the ability to focus on medical recovery and life stability.

- Defendants' conduct violated Utah Code § 78B-3-104, which allows for recovery in personal injury cases, including emotional distress caused by wrongful conduct.

- Defendants' deliberate infliction of emotional distress is actionable under Utah common law, holding liable those who intentionally cause severe emotional distress through outrageous conduct.

**Direct and Proximate Cause of Pain and Suffering**

As a direct result of Defendants' fraudulent conduct and obstruction, Plaintiff suffered:

- Extreme emotional distress including severe anxiety, depression, and loss of sleep.

- Physical health deterioration due to stress-related complications and financial hardship imposed during cancer treatment.

26

- Loss of quality of life, limiting Plaintiff's ability to work, maintain financial stability, and recover fully from medical treatment.

Defendants' actions were willful, malicious, and intentional, warranting compensatory damages for pain and suffering under **Utah Code § 78B-3-410** (Intentional Infliction of Emotional Distress) and federal due process standards.

Plaintiff's suffering was not an incidental consequence of legal proceedings but a deliberate and coordinated effort by Defendants to exert control, suppress justice, extract financial harm and gain, and obstruct plaintiff's rights through fraudulent means.

## VI. PRAYER FOR RELIEF

**1. Liability & Accountability** Declaratory relief, affirming that Defendants' actions violated constitutional protections and federal laws.

A. A finding that Defendants are jointly and severally liable for their fraud, obstruction of justice, legal malpractice, and violations of constitutional rights.

B. A declaration that Defendants engaged in fraud upon the court under Utah R. Civ. P. 60(d)(3) by using fabricated financial claims, obstructing judicial proceedings, and suppressing Plaintiff's ability to challenge fraudulent rulings.

C. A declaratory judgment that Defendant Robert Faust's delegation of judicial authority to an attorney violated the separation of powers doctrine, deprived Plaintiff of due process, and constitutes official misconduct under Utah Code § 76-8-201.

**2. Compensatory & Punitive Damages**

27

D. Compensatory damages in an amount not less than $60 million for:

- Economic harm resulting from fraudulent financial claims, loss of property rights, and fraudulent enforcement actions.

- Emotional distress and physical suffering caused by Defendants' fraudulent legal actions during Plaintiff's chemotherapy treatment.

- Compensatory damages for emotional distress and physical suffering caused by Defendants' wrongful conduct, pursuant to Utah Code § 78B-3-104 and § 78B-3-410.

- The loss of constitutional rights due to Defendants' systemic deprivation of due process.

E. Punitive damages under the Eighth and Fourteenth Amendments, as Defendants knowingly inflicted unnecessary suffering and financial coercion against Plaintiff while she was undergoing cancer treatment. The severity of this abuse warrants enhanced punitive measures. Punitive damages to deter future misconduct and hold Defendants accountable for their actions under Utah Code § 78B-8-201.

F. Treble damages pursuant to 18 U.S.C. § 1964(c) (RICO) for the financial harm suffered due to Defendants' fraudulent racketeering scheme.

**3. Court Orders & Equitable Relief**

G. An injunction prohibiting Defendants from continuing to pursue enforcement of fraudulent judgments, writs, or financial claims against Plaintiff.

H. An order compelling Defendants to produce all internal communications, financial records, and case notes related to:

28

- The fraudulent invoices and metadata proving their fabrication

- Defendants' internal discussions regarding obstruction of Plaintiff's rights

- Judge Faust's judicial misconduct and improper delegation of authority

I. An order setting aside fraudulent legal judgments and financial claims entered against Plaintiff due to Defendants' fraud upon the court and procedural misconduct.

**4. Judicial Notice & Systemic Review**

J. Plaintiff requests that the Court take judicial notice under Utah R. Evid. 201(d) of:

- The fraudulent invoice created during litigation, as confirmed by metadata analysis.

- The improper Lis pendens filing used as a tool of financial coercion.

- The obstruction of justice, including backdated orders, suppression of filings, and fraudulent financial claims.

K. Plaintiff requests that the Court refer this matter to the U.S. Department of Justice and Utah Office of Professional Conduct for an independent review of judicial and attorney misconduct.

**5. Any Additional Relief**

L. Any other relief this Court deems just and proper, including further equitable, declaratory, or injunctive relief necessary to correct the harm inflicted upon Plaintiff.

VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this March 5, 2025

/s/Itzel Cox Pro se

## EXHIBIT LIST

Exhibit A – DOPL Ruling (Decision from the Utah Division of Occupational and Professional Licensing regarding Plaintiff's complaint) and email from 3rd District court giving opportunity to Council to object to ADA Accommodations.

Exhibit B – Fraudulent Lis Pendens (Documentation of the fraudulent filing and its impact on Plaintiff's property rights)

Exhibit C – Fraudulent Invoice (Proves the March 2020 invoice was fabricated post-litigation, violating Utah Code § 25-5-1 (Statute of Frauds) and used to secure an improper judgment.)

Exhibit D – Faust's Multiple Rulings (Judicial inconsistencies, unjust enrichment, backdated orders, and procedural irregularities demonstrating judicial misconduct)

Exhibit E – Appeal Denial (The Utah Court of Appeals upheld summary judgment based on Armstrong's fraudulent, unsigned March 2020 invoice, treating it as undisputed despite its falsified nature, thereby enabling fraud.)

Exhibit F – State Bar Denials (Correspondence and rulings from the Utah State Bar dismissing Plaintiff's complaints despite clear evidence of attorney misconduct)

Exhibit G - Forensic Analysis Report

Utah State Bar. | JOBS & CI    Utah State Bar. | JOBS & CLAS

## Paul Jones

### Basic Information

| | |
|---|---|
| Prefix | Mr. |
| First Name | Paul |
| Middle Name | W |
| Last Name | Jones |
| Bar Number | 11688 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/30/2007 |
| Law School | University of Utah |

### Business Contact Information

| | |
|---|---|
| Organization | Hale & Wood, PLLC |
| Mailing Address | 4766 South Holladay Blvd. |
| City | Holladay |
| State/Province | UT |
| Zip/Postal Code | 84117 |
| Country | United States |
| Work Phone | 8019305486 |
| Email Address | pwjones@halewoodlaw.com |

## Danny Quintana

### Basic Information

| | |
|---|---|
| Prefix | Mr. |
| First Name | Danny |
| Last Name | Quintana |
| Bar Number | 4121 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/5/1983 |
| Law School | University of Utah |

### Business Contact Information

| | |
|---|---|
| Organization | DANNY QUINTANA PLLC |
| Mailing Address | 4198 west 3860 south |
| City | west valley |
| State/Province | UT |
| Zip/Postal Code | 84120 |
| Country | United States |
| Work Phone | 8012095850 |
| Email Address | dannyquintanawriter@gmail.com |

Jtah State Bar. | JOBS & CLAS Utah State Bar. | JOBS & C

## James Thompson

### Basic Information

|  |  |
|---|---|
| Prefix | Mr. |
| First Name | James |
| Middle Name | C |
| Last Name | Thompson |
| Bar Number | 9888 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/14/2003 |
| Law School | Brigham Young University |

### Business Contact Information

|  |  |
|---|---|
| Organization | Strong And Hanni |
| Mailing Address | 9350 South 150 East, Suite 500 |
| City | Sandy |
| State/Province | UT |
| Zip/Postal Code | 84070 |
| Country | United States |
| Work Phone | 8015327080 |
| Email Address | jthompson@strongandhanni.com |

## Adam Wahlquist

### Basic Information

|  |  |
|---|---|
| Prefix | Mr. |
| First Name | Adam |
| Middle Name | D |
| Last Name | Wahlquist |
| Bar Number | 12269 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 12/22/2008 |
| Law School | University of Arizona |

### Business Contact Information

|  |  |
|---|---|
| Organization | Kirton Mcconkie Pc |
| Mailing Address | 50 E South Temple Ste 400 |
| City | Salt Lake City |
| State/Province | UT |
| Zip/Postal Code | 84111 |
| Country | United States |
| Work Phone | (801) 328-3600 |
| Email Address | Awahlquist@kmclaw.com |

Utah State Bar. | JOBS & CLAS Utah State Bar. | JOBS & CL/

## Benjamin Johnson

### Basic Information

| | |
|---|---|
| Prefix | Mr. |
| First Name | Benjamin |
| Middle Name | D |
| Last Name | Johnson |
| Bar Number | 10275 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/21/2004 |
| Law School | University of Utah |

### Business Contact Information

| | |
|---|---|
| Organization | Bennett Tueller Johnson & Deere |
| Mailing Address | 3165 East Millrock Drive |
| Mailing Address Cont. | Suite 500 |
| City | Salt Lake City |
| State/Province | UT |
| Zip/Postal Code | 84121 |
| Country | United States |
| Work Phone | 8014382000 |
| Email Address | ben.johnson@btjd.com |

## Gary Guelker

### Basic Information

| | |
|---|---|
| Prefix | Mr. |
| First Name | Gary |
| Middle Name | R |
| Last Name | Guelker |
| Bar Number | 8474 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/19/1999 |
| Law School | University of Utah |

### Business Contact Information

| | |
|---|---|
| Organization | Resnick & Louis, P.C. |
| Mailing Address | 222 South Main Street, 5th Flr. |
| City | Salt Lake City |
| State/Province | UT |
| Zip/Postal Code | 84101 |
| Country | United States |
| Work Phone | (801) 960-3655 |
| Fax | (602) 456-6256 |
| Email Address | gguelker@rlattorneys.com |

# Utah State Bar. | JOBS & CL

## Basic Information

|  |  |
|---|---|
| Prefix | Mr. |
| First Name | Douglas |
| Middle Name | C |
| Last Name | Shumway |
| Bar Number | 13863 |
| Type | Active Attorney |
| Status | Paid |
| Date Admitted | 10/31/2011 |
| Law School | Brigham Young University |

## Business Contact Information

|  |  |
|---|---|
| Organization | Miller Harrison LLC |
| Mailing Address | 5292 S, College Drive #304 |
| City | Murray |
| State/Province | UT |
| Zip/Postal Code | 84123 |
| Country | United States |
| Work Phone | (801) 692-0793 |
| Email Address | doug@millerharrisonlaw.com |

34

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    3-5-2025

Signature of Plaintiff

Printed Name of Plaintiff    ITZEL COX

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | City | State | Zip Code |
| --- | --- | --- | --- |

Telephone Number

E-mail Address