UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ITZEL COX,<br><br>          Plaintiff,<br><br>v.<br><br>DANNY QUINTANA, et al.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S [20] OBJECTION, ADOPTING IN PART [19] REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S [14] AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00161-DBB-JCB<br><br>District Judge David Barlow |

Before the court is the magistrate judge's Report and Recommendation[1] and Plaintiff's Objection.[2]

**BACKGROUND**

This suit arises from a dispute surrounding the attempted development of a parcel of land and subsequent state court litigation resolving that dispute.[3] Plaintiff Itzel Cox, proceeding pro se, filed her complaint against (1) seven attorneys she claims were involved in the state court litigation, (2) three contractors who were parties to the previous litigation, and (3) her former realtor.[4] After temporarily granting Ms. Cox leave to proceed in forma pauperis and screening

---

[1] Report and Recommendation to Dismiss Amended Compl. ("R&R"), ECF No. 19, entered May 20, 2026.
[2] Objection, ECF No. 20, filed Jun. 2, 2026.
[3] Amended Compl. 10, ECF No. 14, filed May 15, 2025.
[4] *Id.* at 2–8.

1

her initial complaint, the magistrate judge recommended that it be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[5]

Ms. Cox then filed an Amended Complaint. In it, she asserts causes of action for due process violations, civil RICO claims, and legal malpractice against Defendants.[6] Plaintiff alleges that her attorneys breached their fiduciary duties toward her in the state court litigation by failing to submit relevant evidence to which they had access, failing to inform her of case proceedings, converting her proceedings from a jury trial to a bench trial, and negotiating a settlement without her consent.[7] Plaintiff alleges that the opposing attorneys and parties engaged in various dishonest litigation practices that contributed to the judgment against her and used regulatory and judicial processes to deprive Plaintiff of her constitutional rights.[8]

Specifically, she alleges that the contractor defendants entered her property without permission and failed to remediate an OSHA violation that Ms. Cox paid them to fix.[9] This was followed by a lien that Plaintiff asserts was illegally filed against her property.[10] Ms. Cox further alleges that, in the subsequent state court litigation surrounding these events, Defendants failed to disclose relevant documents and redeemed the property in the name of Ms. Cox's realtor without her permission.[11] She claims damages based on the judgment against her, the deprivation of her property without a trial, and health concerns that were exacerbated by the stressful state court legal proceedings.[12]

---

[5] Report and Recommendation to Dismiss Initial Compl., ECF No. 12, entered May 1, 2025.
[6] Amended Compl. 13, 16, 20.
[7] *Id.* at 2–3.
[8] *Id.* at 3–7.
[9] *Id.* at 10.
[10] *Id.*
[11] *Id.* at 10–11.
[12] *Id.* at 24–28.

After reviewing the Amended Complaint pursuant to 28 U.S.C. § 1915(e), the magistrate judge issued a report recommending that it be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* Doctrine.[13] The magistrate judge found that Ms. Cox's claims are inextricably intertwined with the previous state court litigation because they stem from the adverse outcomes of that litigation and seek relief that would effectively reverse the state court judgment.[14] The magistrate judge further held that, even if the court had subject-matter jurisdiction over the case, Ms. Cox fails to state a claim upon which relief can be granted for her constitutional claims and RICO claims.[15] Finally, the magistrate judge recommended that Plaintiff not be granted leave to amend her complaint because any such amendment would be futile given the facts underlying her claim.[16] Plaintiff timely objected to the magistrate judge's report and recommendation.[17]

## STANDARD

When resolving objections to a Report and Recommendation, the district court judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[18] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[19] "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate

---

[13] R&R 6.
[14] *Id.* at 7–9.
[15] *Id.* at 9.
[16] *Id.* at 11.
[17] *See* Objection.
[18] 28 U.S.C. § 636(b)(1)(C) (2018).
[19] *Id.*

3

review."[20] An objection is sufficiently specific when it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute."[21]

## DISCUSSION

In this case, Ms. Cox generally objects to the magistrate judge's conclusions that the *Rooker-Feldman* doctrine bars her claims and that amendment would be futile.[22] She specifically objects that (1) the *Rooker-Feldman* doctrine does not bar her claims against Defendants Paul Jones and Armstrong Construction, Inc. ("Armstrong") because those claims are based on Defendants' misconduct rather than an adverse state court ruling, (2) the *Rooker-Feldman* doctrine does not bar her claims against Defendants Adam Wahlquist and Danny Quintana because they owed Ms. Cox fiduciary duties as her attorneys and breached those duties, and (3) amendment would not be futile because her claims do not seek reversal of the state court judgment.[23]

## I.    *Rooker-Feldman* Doctrine

The magistrate judge recommended dismissal based primarily on the determination that the court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[24] The *Rooker-Feldman* doctrine "precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state court judgment.'"[25] The Supreme Court has clarified the "narrow scope" of the

---

[20] *United States v. One Parcel of Real Prop., 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[21] *Id.*
[22] Objection 1.
[23] *Id.* at 2–5.
[24] R&R 6.
[25] *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Mo's Express, LLC v. Sopkin,* 441 F.3d 1229, 1233 (10th Cir. 2006)).

4

doctrine, confining it to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[26] Thus, the doctrine "generally does not bar a suit by a federal-court plaintiff who was not a party in the state court litigation, nor does it bar a claim that does not seek to modify or set aside a state court judgment."[27]

Tenth Circuit *Rooker-Feldman* jurisprudence "emphasize[s] the relief sought by federal-court plaintiffs"[28] by "asking whether the state court judgment *caused,* actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress*."[29] A plaintiff's claims are not barred by the doctrine if the federal action "would not reverse or otherwise 'undo' the relief granted by the [state court]."[30] Accordingly, the Tenth Circuit has identified four factors that must exist to remove subject-matter jurisdiction under the *Rooker-Feldman* doctrine: "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."[31]

### A. Paul Jones and Armstrong Construction, Inc.

The Amended Complaint asserts that Mr. Jones represented Armstrong in the state court litigation.[32] It alleges that he opposed Ms. Cox during this litigation, failed to disclose evidence that was later used in summary judgment, submitted evidence that omitted context favorable to

---

[26] *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

[27] *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023).

[28] *PJ ex rel. Jensen*, 603 F.3d at 1193.

[29] *Mo's Express*, 441 F.3d at 1237 (quoting *Kenmen Eng'g v. City of Union,* 314 F.3d 468, 476 (10th Cir. 2002)) (emphasis in original).

[30] *PJ ex rel. Jensen*, 603 F.3d at 1193 (quoting *Mo's Express*, 441 F.3d at 1237) (alterations in original).

[31] *Bruce*, 57 F.4th at 746.

[32] Amended Compl. 3.

Ms. Cox, and generally contributed to judgment being entered against Plaintiff in state court.[33] The Amended Complaint likewise alleges that Armstrong failed to provide the services it was paid for, contributed to the resulting litigation against Ms. Cox, and used judicial processes to deprive Plaintiff of her constitutional rights.[34] As a result of these alleged actions, Ms. Cox claims injuries that include the judgment against her, the sale of her property, collection efforts against her, and an inability to focus on her health and healing.[35] Her requested damages include a $60 million award that would encompass in part the value of the property that was sold pursuant to the state court judgment, Ms. Cox's emotional damages, and Ms. Cox's damaged credit and financial stability.[36] She also requests a declaration that her right to a fair trial, property rights, due process rights, and right to access to the courts were violated.[37]

Plaintiff argues that her claims against Armstrong and Mr. Jones do not seek reversal of the state court judgment because she only alleges that the defendants fabricated evidence, not that the Utah court reached the wrong result.[38] Plaintiff does not dispute that she lost in state court prior to bringing this action, so the court need only determine whether the state court judgment caused her injuries and whether she seeks to overturn that judgment.[39] Here, despite Ms. Cox's arguments to the contrary, the claims against Armstrong and Mr. Jones would essentially reverse the state court judgment.

---

[33] *Id.*
[34] *Id.* at 7–8.
[35] *Id.* at 26–27.
[36] *Id.* at 30–31.
[37] *Id.* at 30.
[38] Objection 4.
[39] *Bruce*, 57 F.4th at 746.

Plaintiff's claims against these defendants arise out of their conduct in pursuing litigation against her in state court, specifically their "fabricated evidence" that formed the basis for the summary judgment against Ms. Cox.[40] Thus, Ms. Cox alleges that Armstrong and Mr. Jones injured her by contributing to the state court judgment,[41] indicating that her injuries were ultimately caused by the state court judgment itself. Granting Plaintiff her requested relief under these circumstances would require the court to find that the state court had admitted and reviewed improper evidence and that the underlying judgment was based on that improper evidence. Further, granting Ms. Cox the value of the property that she lost as a result of the judgment from the same state court defendants who were awarded that value in the underlying case would effectively reverse the state court judgment. Thus, the *Rooker-Feldman* doctrine applies to Plaintiff's claims against Armstrong and Mr. Jones, and the court lacks subject-matter jurisdiction over those claims.

### B.    Adam Wahlquist and Danny Quintana

The Amended Complaint also alleges that Mr. Wahlquist and Mr. Quintana—Plaintiff's attorneys in the underlying action—concealed important evidence from Ms. Cox, converted the state proceeding to a bench trial without her permission, failed to object to fabricated evidence, and failed to oppose a motion for summary judgment against Ms. Cox.[42] Plaintiff argues that her claims against Mr. Wahlquist and Mr. Quintana arise from these defendants' violation of their fiduciary duties rather than the state court judgment.[43] To the extent Mr. Wahlquist and Mr. Quintana are included in Ms. Cox's causes of action for constitutional violations and civil RICO,

---

[40] Objection 4.
[41] Amended Compl. 3, 8.
[42] *Id.* at 2.
[43] Objection 2–3.

7

the court's prior *Rooker-Feldman* analysis applies. Holding that Ms. Cox's former attorneys violated her constitutional rights and engaged in a racketeering enterprise merely by participating in the state court proceedings would effectively undermine the underlying judgment. It would require the court to find that the state court proceedings were procedurally defective and that the resulting judgment, which allegedly caused Ms. Cox's injuries, was improper. Similarly, Plaintiff's requested relief would undo the state court judgment for the same reasons already explained. The *Rooker-Feldman* doctrine bars Plaintiff's constitutional and RICO claims against Mr. Wahlquist and Mr. Quintana.

However, Ms. Cox also asserts a claim for legal malpractice against several attorneys, including Mr. Wahlquist and Mr. Quintana.[44] In Utah, a legal malpractice claim based on breach of fiduciary duty has four elements: "(1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client."[45] Here, Plaintiff's legal malpractice claim, like the others, is based on these defendants' conduct and actions as Plaintiff's counsel in the underlying action. But legal malpractice claims are inherently intertwined with prior proceedings in a way other claims are not. For example, in a legal malpractice case, "[t]he measure of damages is generally held to be the value of the plaintiff's lost claim, that is, the actual amount the plaintiff would have recovered had she been successful in the underlying case."[46] And an attorney's negligent or improper conduct in pursuing a client's claims can constitute a breach of fiduciary duty.[47]

---

[44] Amended Compl. 20.
[45] *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 23, 194 P.3d 931, 938 (quoting *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah Ct. App. 1996)).
[46] *Kranendonk v. Gregory & Swapp, PLLC*, 2014 UT App 36, ¶ 28, 320 P.3d 689, 696.
[47] *See generally id.*

8

In this context, Ms. Cox's requested damages for the value of the lost land, compensatory damages, and a ruling that her former attorneys violated their fiduciary duties toward her would not necessarily impugn the state court judgment.[48] Rather, they fit into Utah's established framework for legal malpractice claims. Ms. Cox alleges facts indicating that she may have been unsuccessful in the underlying state court case because her attorneys failed to involve her in the defense, failed to respond to a summary judgment motion, and failed to utilize relevant evidence.[49] A finding in Plaintiff's favor on this claim would not reverse the state court judgment, it would merely hold Mr. Wahlquist and Mr. Quintana liable to the extent they breached their fiduciary duties and thereby injured Ms. Cox. Thus, Plaintiff's claim for legal malpractice against Mr. Wahlquist and Mr. Quintana is not barred by the *Rooker-Feldman* doctrine.

## II.    Subject-Matter Jurisdiction

Ms. Cox did not object to the magistrate judge's remaining conclusions regarding jurisdiction and liability.[50] Having reviewed these, the court finds that they are sound. Accordingly, the court lacks jurisdiction over each of Plaintiff's claims—with the exception of her malpractice claims against Mr. Wahlquist and Mr. Quintana—under the *Rooker-Feldman* doctrine. Furthermore, the only basis for subject-matter jurisdiction in Plaintiff's Amended Complaint is federal question jurisdiction based on 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 18

---

[48] The court notes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, though it is not always clear which facts and damages are associated with each cause of action, the Amended Complaint contains sufficient facts and explicit references to legal malpractice to support the existence of such a claim.

[49] Amended Compl. 2.

[50] *See generally* Objection.

9

U.S.C. § 1962.[51] Because the court lacks original jurisdiction over Ms. Cox's claims under these federal provisions, it cannot exercise supplemental jurisdiction over the related state-law malpractice claims.[52] Even if it could, the court would decline to do so because all federal claims have been dismissed.[53] And the Amended Complaint provides no other basis for this court's jurisdiction. Because the court lacks subject-matter jurisdiction over Plaintiff's claims, the Amended Complaint must be dismissed.

### III.    Leave to Amend

Finally, Ms. Cox objects to the magistrate judge's conclusion that amendment would be futile and requests permission to amend her complaint to more clearly plead independent claims for breach of fiduciary duty, concealment of information, legal malpractice, and other litigation misconduct.[54] The court is mindful that "leave to amend should be freely granted when justice requires."[55] However, amendment may be denied when it would be futile.[56] In this case, Ms. Cox already amended her complaint once after the magistrate judge recommended dismissal on similar grounds to those at issue here. And the factual basis underlying the majority of Plaintiff's claims falls under the *Rooker-Feldman* doctrine, so amendment to emphasize individual defendants' alleged concealment or misconduct would not provide a basis for this court's subject-matter jurisdiction. The ultimate injuries and remedies at issue here would still require

---

[51] Amended Compl. 1.

[52] *See* 28 U.S.C. § 1367(a) (granting supplemental jurisdiction only "in any civil action of which the district courts have original jurisdiction").

[53] *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial.").

[54] Objection 5.

[55] *Moya v. Garcia*, 895 F.3d 1229, 1239 (10th Cir. 2018).

[56] *Id.*

10

the court to effectively overrule the state court judgment. Furthermore, any amendment to her legal malpractice claim would not change the fact that it is a state law claim over which the court lacks jurisdiction. Thus, amendment would be futile, and Plaintiff's request for leave to amend is denied.

## ORDER

The [19] Report and Recommendation is ADOPTED IN PART. Plaintiff's [20] Objection is OVERRULED. Plaintiff's [14] Amended Complaint is DISMISSED without prejudice.

Signed June 24, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

11